# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 15, 2011

Jessica Lyublanovits
United States District Court
111 N ADAMS ST
TALLAHASSEE, FL 32301-7717

Appeal Number: 10-12155-HH
Case Style: Florida Farm Bureau Fed, et al v. Badger Plaintiffs, et al
District Court Docket No: 1:84-cv-00148-MP

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court, also enclosed is the following: one Bill of Costs. The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: James O. Delaney
Phone #: 404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 10-12155
_____

District Court Docket No.
1:84-cv-00148-MP

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2011
JOHN LEY
CLERK
```

BILL R. WINCHESTER,
on behalf of himself and all other stockholders of
Florida Farm Bureau Equities, Inc.,
a Florida corporation similarly situated,

  Plaintiffs,

versus

FLORIDA FARM BUREAU EQUITIES INC,
a Florida corporation.

  Defendants,

FLORIDA FARM BUREAU FEDERATION,
a non profit general farm membership,
FLORIDA FARM BUREAU HOLDING CORPORATION,
CARL B. LOOP, JR., and SOUTHERN FARM BUREAU
LIFE INSURANCE COMPANY,

  Movants - Appellees,

versus

BADGER PLAINTIFFS,
on behalf of Gene Badger, John Love,
Marvin Evans, Sid Banack and John Willis
as class members of the instant case,

  Respondents - Appellants.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

_____

Appeal from the United States District Court for the
Northern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: May 27, 2011
For the Court: John Ley, Clerk of Court
By: Nancy M. Gilman

ISSUED AS MANDATE
AUG 15 2011
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12155
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:84-cv-00148-MP

BILL R. WINCHESTER,
on behalf of himself and all other stockholders of
Florida Farm Bureau Equities, Inc.,
a Florida corporation similarly situated,

                                 Plaintiffs,

versus

FLORIDA FARM BUREAU EQUITIES INC,
a Florida corporation.

                                 Defendants,

FLORIDA FARM BUREAU FEDERATION,
a non profit general farm membership,
FLORIDA FARM BUREAU HOLDING CORPORATION,
CARL B. LOOP, JR., and SOUTHERN FARM BUREAU
LIFE INSURANCE COMPANY,

                           Movants - Appellees,

versus

BADGER PLAINTIFFS,
on behalf of Gene Badger, John Love,
Marvin Evans, Sid Banack and John Willis
as class members of the instant case,

                                          Respondents - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 27, 2011)

Before EDMONDSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

    Gene Badger, John Love, Marvin Evans, Sid Banack, and John Willis, derivatively on behalf of Plaintiffs' Shareholders Corporation (PSC) and on behalf of themselves and all other PSC shareholders who owned shares from August 25, 2004 to October 15, 2004 (the plaintiffs) appeal the district court's order enjoining their two class action lawsuits filed in 2008 and currently pending in Florida state court. The plaintiffs contend that the federal district court lacked authority to enjoin the state lawsuits under the Anti-Injunction Act, 28 U.S.C. § 2283, because the injunction was not "necessary in aid of its jurisdiction."

I.

2

In 1984 a class of shareholders, which included the plaintiffs,[1] filed a securities class action in the Northern District of Florida against virtually the same defendants involved in this appeal.[2] In 1987 the district court entered a final order and judgment, which approved and incorporated the parties' stipulation of settlement and settlement agreement for that class action. The parties agreed in the stipulation of settlement and the settlement agreement that the shareholder class "shall be entitled to receive the same financial benefits it would receive if it owned outright 27.7% of the common stock of" one of the defendant entities. To accomplish that, the order and the settlement documents required one of the defendants to issue a debenture to the class of shareholders, which gave that class the same financial benefits as owning the common stock in that defendant. The stipulation of settlement also provided that the defendants "will not take, or permit any action . . . , which would dilute or reduce the interest of" the shareholder class.

The district court's 1987 order also provided that: "Jurisdiction is hereby retained . . . as to all matters relating to the administration, consummation, enforcement, and/or interpretation of the terms of the [parties' stipulation of settlement and settlement agreement]." The parties agreed in the stipulation of

---

[1] All of the plaintiffs in this appeal were among the members of the 1984 class of shareholders or in privity with a member of that class.

[2] Carl Loop, Jr., who is a defendant in this appeal, was not named in the 1987 lawsuit, but he was an officer of one of the defendants that was named in that lawsuit.

settlement that the district court "shall retain jurisdiction with respect to enforcement, construction and/or interpretation of the terms of the [stipulation] and any agreement(s) related thereto."[3] Additionally, the settlement agreement provided that "[a]ll parties to this Agreement acknowledge and consent to: . . . the United States District Court for the Northern District of Florida having jurisdiction with respect to the enforcement, construction, and/or interpretation of the terms of this Agreement and the [stipulation of settlement]."

In 1995 the shareholder class, which, as we have already mentioned, included the plaintiffs, set out to form PSC to hold the debenture on their behalf. The district court entered an order, which was agreed to and signed by all parties, approving PSC's formation. In that order the district court summarized its 1987 order and the incorporated settlement documents, stating in part that it "retained jurisdiction as to all matters relating to the administration, consummation, enforcement, or interpretation" of the order and settlement documents and that "all [shareholders, including the plaintiffs,] and [the defendants] agreed that <u>all matters relating to said settlement would properly and exclusively be brought in this Court</u>." (emphasis added).

---

[3] The parties also agreed in the stipulation to submit a final order "[r]eserving jurisdiction over all matters relating to the administration, consummation, and enforcement of the settlement provided herein."

In 2004 one of the defendants purchased the debenture from PSC. In 2008 the plaintiffs, as shareholders of PSC, filed two state court actions in Florida, including a shareholders' class action and a derivative action on behalf of PSC, which both arose out of the sale of the debenture.[4] The state court complaints alleged that the defendant that had purchased the debenture from PSC did so without fully informing the plaintiffs before the sale about certain circumstances related to the value of the debenture.

Both complaints included a claim against the defendants for alleged breaches of the 1987 stipulation of settlement and settlement agreement, which, as we have already noted, were incorporated into the district court's 1987 final order and judgment. The actions also included claims for alleged breaches of fiduciary duties that were purportedly owed by the defendants to PSC and to the plaintiffs directly under the order, the settlement documents, and the debenture created pursuant to the order and settlement documents.[5]

On November 25, 2008, the defendants moved to enjoin the pending state court actions in the federal district court for the Northern District of Florida. Around the same time, the defendants also filed a motion in the Florida state court

---

[4] The complaints also named various officers of the defendant entities in the state court actions.

[5] The derivative action also included a claim for fraud in the inducement against the defendant that purchased the debenture.

for a stay pending a decision by the federal district court. The state court acted first on January 13, 2009 and granted the stay. The state court reasoned that a stay was necessary because the state court lawsuits likely involve "issues pertaining to" the 1987 federal court order and the settlement documents incorporated in that order, "which the United States District Court has reserved jurisdiction to enforce."

On April 9, 2010, the district court granted the defendants' motion for an injunction based on its authority under the All Writs Act, 28 U.S.C. § 1651(a).[6] The court also found that the injunction fell within one of the exceptions to the general prohibition against federal courts enjoining state court actions in the Anti-Injunction Act, 28 U.S.C. § 2283. Specifically, the district court found "that an injunction is necessary in aid of its continuing jurisdiction over [its order and the settlement documents incorporated in that order]." The plaintiffs contend that the district court erred by finding that the injunction was allowed under that exception to the Anti-Injunction Act.

II.

---

[6] In their briefs, the plaintiffs do not challenge the district court's authority to issue the injunction under the All Writs Act and have thus abandoned that issue in this appeal. See Access Now, Inc. v. Sw. Airlines, Inc., 385 F.3d 1324, 1330 (11th Cir. 2004).

Whether a district court has the authority to enjoin a state court action under an exception to the Anti-Injunction Act is a question of law that we review de novo. See TranSouth Financial Corp. v. Bell, 149 F.3d 1292, 1294 (11th Cir. 1998). We review a district court's interpretation of its own orders only for an abuse of discretion. Alley v. U.S. Dep't of Health & Hum. Servs., 590 F.3d 1195, 1202 (11th Cir. 2009). Deference is appropriate because "the district court is in the best position to interpret its own orders." Id.

The Anti-Injunction Act prohibits federal courts from enjoining state court actions unless the injunction falls within three exceptions to that general prohibition. 28 U.S.C. § 2283; Wesch v. Folsom, 6 F.3d 1465, 1470 (11th Cir. 1993). One exception allows a district court to enjoin a state court action when doing so is "necessary in aid of its jurisdiction." 28 U.S.C. § 2283; Wesch, 6 F.3d at 1470. To fall within that exception, the injunction must be necessary "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Wesch, 6 F.3d at 1470 (quoting Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747 (1970). The exception is available to the district court both before and after

its entry of final judgment. See Battle v. Liberty Nat'l Life Ins. Co., 877 F.2d 877, 881 (11th Cir. 1989).

In this case the disposition of the state court actions would require interpretation or enforcement of the district court's order and the settlement documents incorporated in that order. Both complaints filed by the plaintiffs quoted from and relied heavily on the 1987 order, the settlement documents, and the debenture created pursuant to the order and settlement documents. In fact, the plaintiffs even attached the 1987 order, the stipulation of settlement, the settlement agreement, and the debenture created pursuant to the order as exhibits to both state court complaints. In the breach of contract claim included in each complaint, the plaintiffs specifically alleged that the defendants "breached the Stipulation of Settlement and/or the [settlement agreement] in the manner herein alleged which resulted in PSC receiving less for the Debenture than it would had it owned outright 27.7% of the common stock."

The breach of fiduciary duty claims and the fraud claim similarly rely on the 1987 order. As we have already mentioned, in both the stipulation of settlement and the settlement agreement the defendants agreed that the plaintiffs "shall be entitled to receive the same financial benefits [they] would receive if [they] owned outright 27.7% of" common stock and the defendants promised that they would

8

not take or permit action that would reduce or dilute the plaintiffs' benefits. The plaintiffs alleged for their fiduciary duty claims that the defendants owed them a duty "not to take any action . . . that would result in PSC receiving less financial benefit for the Debenture than it would if it owned outright 27.7% of the stock." Similarly, the plaintiffs alleged for their fraud claim that one of the defendants fraudulently induced PSC to sell the debenture for less than the "financial benefits it would receive if it owned outright 27.7% of the stock." Both of those claims are thus based on the promises made by the defendants in the stipulation of settlement and the settlement agreement.

Perhaps most telling is the plaintiffs' request for attorney's fees under the 1987 stipulation of settlement. The plaintiffs demanded attorney's fees in both state court lawsuits under section 30 of the stipulation of settlement, which provides that if "the enforcement, construction, and/or interpretation of this [stipulation of settlement] is the subject of litigation between the parties, the prevailing party shall be entitled to receive reasonable attorney's fees." Thus for the plaintiffs to get attorney's fees, the subject of the litigation had to be the enforcement, construction, or interpretation of the 1987 stipulation of settlement.

It is thus clear that the disposition of the claims alleged in the state court lawsuits would require the Florida state court to interpret and enforce the 1987

district court order and the settlement documents the order incorporated. The district court, however, concluded in its 1995 order, which the plaintiffs agreed to, that its jurisdiction over the disposition of such claims was exclusive. In fact, that 1995 order states that "all matters relating to" the enforcement or interpretation of the order, including the settlement documents incorporated in that order, "would properly and exclusively be brought in" the district court for the Northern District of Florida. The district court did not abuse its discretion in concluding that it had exclusive jurisdiction over the claims. See Battle, 877 F.2d at 881 ("[T]he need for exclusive jurisdiction in the federal district court was recognized by the district court's explicit retention of jurisdiction in its final judgment.").

Because state court judgments on the claims could have res judicata effect, allowing the state court actions to proceed threatened the federal court's exclusive jurisdiction over them. Stated somewhat differently, any state court disposition of the claims on the merits would "seriously impair the federal court's flexibility and authority" to decide issues related to its 1987 order over which it had retained exclusive jurisdiction. The injunction clearly was in aid of the district court's jurisdiction.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUN 03 2011

JOHN LEY
CLERK

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
BILL OF COSTS

Bill R. Winchester, et al.
_____
Appellant

vs.

Appeal No. __10-12155-HH__

Florida Farm Bureau Federation, et al.
_____
Appellee

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

## INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | | | | | | |
| Record Excerpts | X | | 60 | 5 | 300 | $45.00 | $45.00 |
| Appellee's Brief | X | | 47 | 7 | 329 | $49.35 | $49.35 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | TOTAL | | $ 94.35 | $ $94.35 |
| | | | | | | REQUESTED | ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: __6/08/2011__   Signature: _____

Attorney for: Appellees Florida Farm Bureau, Florida Farm Bureau Holding Corporation, and Carl B. Loop, Jr.

Attorney Name: __John A. Tucker__

(Type or print name of client)   (Type or print your name)

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$94.35__ against __Appellant__

and are payable directly to __Appellee__

John Ley, Clerk of Court

Issued on: __AUG 1 5 2011__   By: _____
Deputy Clerk

MISC-12
5/4/10

JACK_2018852.1